**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
 a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
 a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

 Defendants.

---

**ORDER OVERRULING DEFENDANTS' REMAINING OBJECTIONS TO GOVERNMENT'S *JAMES* PROFFER AND SETTING FILING DEADLINE FOR SEVERANCE MOTIONS**

---

This matter is before the Court on Defendants David A. Banks, Demetrius K. Harper, and Clinton A. Stewart's remaining objections to the Government's *James* Proffer, as set forth in their Joint Response to Government's *James* Proffer (Doc. # 318). For the following reasons, Defendants' remaining objections are overruled.

**I. BACKGROUND**

On October 27, 2010, the Government filed its *James* Proffer. (Doc. # 304.) On November 12, 2010, Defendants Banks, Harper, and Stewart filed their Joint Response, lodging objections to specific out-of-court statements identified in the

Government's *James* Proffer.  (Doc. # 318.)[1]   The Government asserts that its *James* proffer demonstrates the existence of the conspiracy to commit mail and wire fraud charged in Count 1 of the Indictment, the duration of the conspiracy, and the participants in the conspiracy.  The proffer includes a preliminary list of out-of-court statements in furtherance of the conspiracy which the Government intends to offer at trial.

During a *James* hearing on November 19, 2010, the Government presented evidence concerning the existence of a conspiracy among all Defendants to commit mail and wire fraud from approximately October, 2002 through approximately February 2005 in a scheme to defraud various staffing companies.  At the hearing's conclusion, the Court found that the Government had established the existence of a conspiracy, overruled a majority of all Defendants' objections to the Government's *James* proffer, and found that sufficient evidence exists to establish beyond a reasonable doubt each Defendants' connection to, or association with, the conspiracy.  However, the Court reserved ruling on several of Defendants Banks, Harper, and Stewart's objections because the Court had not received the full statements and, therefore, was unable to rule adequately.  The Court reserved ruling on the following entries on the Government's *James* Proffer: 64, 152, 153, 154, 164, 191, 204, 206, 208, 210, 211, 216, 224, 225, 227, 231, 236, 239, 241, 242, 269, 354, 371, and 384.

---

[1] On the same day, the three other Defendants separately filed their own responses.  (*See* Doc. ## 317, 319, and 320).

On November 24, 2010, the Government filed a Supplement to *James* Proffer (Doc. # 328), through which it provided the Court with the documents containing the at-issue statements. Additionally, the Government withdrew those portions of statements 64, 164, and 191 that indicate anything other than Defendant Harper's position as President of DKH Enterprises.

## II.  ANALYSIS

Defendants Banks, Harper, and Stewart object to the admission of the at-issue statements because they were not made in furtherance of a conspiracy to commit mail and wire fraud. (*See* Doc. # 318 at 8.) The Court will address each of the at-issue statements, in turn, below.

**A.    *JAMES* STATEMENTS ## 64, 164, AND 191**

*James* Statement #64 appears to be a Master Agreement between Ajilon Consulting and DKH Enterprises. (Doc. ## 328-1.) *James* Statement # 164 appears to be a guarantee signed by Defendant Harper, in connection with the payment of certain debt incurred by DKH Enterprises. (Doc. # 328-5.). *James* Statement # 191 appears to be an e-mail chain between Defendant Harper and an individual at another company, concerning DKH Enterprises' outstanding debt. (Doc. #328-6). Defendant Harper signed the Master Agreement, guarantee, and e-mail as President of DKH Enterprises. As previously noted, the Government has withdrawn all statements in these documents, except for Defendant Harper's representation that he is President of DKH Enterprises.

The Court finds that Defendant Harper's representation to others that he is President of DKH Enterprises were statements made in furtherance of the conspiracy, *i.e.*, to gain the trust and business of unwitting staffing companies, some of which evidently became Defendants' victims.

Therefore, the Court will allow the admission of Defendant Harper's representations that he is President of DKH Holdings, as set forth in *James* Statements ## 64, 164, and 191.

**B.    *JAMES* STATEMENTS ## 152, 153, 154, 204, 206, 208, 210, 211, 216, 224, 225, 227, 231, 236, 239, 241, 242, AND 269**

*James* Statements ## 152, 153, 154, 206, 208, 210, 211, 216, 224, 225, 227, 231, 236, 239, 241, 242, and 269 appear to be letters prepared by Defendant Harper, as President of DKH Enterprises, and addressed to individuals at various businesses. (Doc. ## 328-2, -3, -4, -7, -8, -9, -10, -11, -12, -13, -14, -15, -16, -17, -18, -19, -20, -21.) In these letters, Defendant Harper acknowledges DKH Enterprises' outstanding balance, offers various excuses for DKH Enterprises' failure to satisfy its debt obligations, and represents that it will be in a fiscally sound position within a short time.

The Court finds that these statements were likely made in an attempt to quell an unhappy client's concerns, as well as any possible suspicions; such statements were made in the furtherance of the conspiracy.

Therefore, the Court will allow the statements contained with *James* Statements ## 152, 153, 154, 204, 206, 208, 210, 211, 216, 224, 225, 227, 231, 236, 239, 241, 242, and 269.

### C.     *JAMES* STATEMENTS ## 354, 371, AND 384

*James* Statements ## 354, 371, and 384 appear to be letters prepared by Defendant Banks, as Chief Operations Officer of IRP Solutions, and addressed to individuals at various businesses. (Doc. # 328-22, -23, -24).  The letters are similar to the previously-described letters from Defendant Harper, in that Defendant Banks acknowledges IRP Solutions' outstanding debt balance, offers excuses for the company's failure to satisfy its debt obligations, and represents that it will be in a fiscally sound position within a short time.

As with the letters from Defendant Harper, the Court finds that these statements were likely made in an attempt to quell an unhappy client's concerns, as well as any possible suspicions; such statements were made in the furtherance of the conspiracy.

Therefore, the Court will allow the statements contained with *James* Statements ## 354, 371, and 384.

### III.  CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. Defendants Banks, Harper, and Stewart's remaining objections to the Government's *James* Proffer, as set forth in Doc. # 318, are OVERRULED;

2. The Government is allowed to introduce *James* Statements ## 64, 164, and 191 for the purpose of establishing Defendant Harper's repeated representation that he is President of DKH Holdings;

5

3. The Government is allowed to introduce *James* Statements ## 152, 153, 154, 204, 206, 208, 210, 211, 216, 224, 225, 227, 231, 236, 239, 241, 242, 269, 354, 371, and 384; and

4. Pursuant to the Court's December 18, 2009 Order at Doc. # 123, any severance motions are due within 10 days of this Order.

DATED:  December  10 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge