IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
   a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

    Defendants.

---

**ORDER GRANTING MOTION TO QUASH SUBPOENA**

---

This matter is before the Court on Analysts International Corporations ("Analysts") Motion to Quash Subpoena (Doc. # 439), filed on September 19, 2011. The Court ordered Defendants to file a response to Analysts' motion by no later than 5:00 PM on September 21, 2011. (Doc. # 440.) However, Defendants did not respond by that time.

According to Analysts Motion, Defendants issued a subpoena on August 31, 2011, requesting a "summary of staff debt written off between 2002-2006: including company names, amounts, and legal action taken (if any)."

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that a court "may direct the witness to produce the designated items in court before trial." However, Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951). A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> 1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The party requesting the subpoena must satisfy each of these requirements. *United States v. Boender*, No. 09-cr-186-1, 2010 WL 1912425, at *2 (N.D. Ill. May 12, 2010); *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (failure to show one of *Nixon* requirements precludes reversal of order denying Rule 17(c) motion).

Analysts contend that this request is overly broad and appears to be a general "fishing expedition." *See United States v. Hughes*, 931 F.2d 63, 1991 WL 59383, at *1 (10th Cir. 1991). The Court agrees. Moreover, the Court agrees with Analysts that the requested information does not appear to have any relevance to any issue in the

criminal case against Defendants.  Whether Analysts wrote off any staff debt involving other companies, the amount of any such write off, and whether Analysts chose to pursue any legal action against other companies has no apparent bearing on whether Defendants intended to perpetrate a fraud against Analysts.  Accordingly, the Court GRANTS Analysts Motion to Quash Subpoena (Doc. # 439), and the subpoena is hereby QUASHED.

DATED:  September   22  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge