IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
   a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

    Defendants.

## ORDER DENYING MOTION TO DISMISS INDICTMENT
## FOR SPEEDY TRIAL ACT VIOLATION

This matter is before the Court on Defendants' Motion to Dismiss Indictment for Speedy Trial Act Violation (Doc. # 445). Defendants filed this motion on the morning of September 26, 2011, the first day of trial. For the following reasons, Defendants' Motion to Dismiss is denied.[1]

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend VI. In their motion,

---

[1] Prior to jury selection, the Court orally denied the motion, but stated that it would issue a written order.

Defendants assert that the indictment should be dismissed for violation of their constitutional right to a speedy trial.[2] In *Barker v. Wingo*, the Supreme Court established a balancing test that weighs "the conduct of both the prosecution and the defendant" to determine whether a defendant has been deprived of his constitutional right to a speedy trial. 407 U.S. 514, 530 (1972). *Barker* identified four relevant factors in conducting that balancing test: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. "None of these factors, taken by itself, is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir.1991) (quoting *Barker*, 407 U.S. at 533).

The first factor, length of delay, operates as a triggering mechanism. *Id*. Unless there is a delay lengthy enough to qualify as "presumptively prejudicial," there is no need to consider the last three factors. *See id*. The Tenth Circuit has held that "[d]elays

---

[2] Although Defendants have cited to the Speedy Trial Act, 18 U.S.C. § 1361, it does not appear that they have asserted any statutory violations. In any event, the Court finds that there have been no violations of the Act. The Speedy Trial Act requires trial to begin within 70 days of the filing date of the indictment or the defendant's first appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). Defendants were indicted on June 9, 2009 and first appeared before a judicial officer on June 23, 2009. Therefore, the speedy trial clock began to run on June 23, 2009. However, the Act provides exclusions for specific days that are not counted toward the seventy-day limit and, thus, stop the clock. One such exclusion is an "ends of justice" continuance under § 3161(h)(7)(A). The Court granted five such "ends of justice" continuances in this case after making specific findings that granting such continuances outweighed the best interests of the public and the defendants in a speedy trial by considering the factors listed in § 3161(h)(7)(B). (Doc. ## 63, 77, 123, 327, 403.) Pursuant to these continuances, the speedy trial clock has been stopped since July 9, 2009. As trial began on September, 26, 2011, there has been no statutory Speedy Trial Act violation.

approaching one year generally satisfy the requirement of presumptive prejudice." *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006).  Defendants were indicted on June 9, 2009 and trial did not commence until September 26, 2011.  This delay, well in excess of two years, is presumptively prejudicial.  *See id.* (finding that seventeen and one-half month delay was presumptively prejudicial).

Although the Court finds that the length of delay is presumptively prejudicial, consideration of the other factors overcomes this presumption.  The second *Barker* factor is the reason for delay which, in this case, was the repeated requests for continuances by one, or all, of the Defendants.[3]  (*See* Doc. ## 49, 75, 119, 324, 394.)  Thus, the blame for delay lies solely with Defendants as they, not the Government, moved for the various continuances.  This factor, then, weighs heavily against the Defendants.

The third *Barker* factor, the defendant's assertion of his right, also weighs strongly in the Government's favor.  Defendants did not assert their speedy trial right until the morning of trial.  In fact, they did the opposite, repeatedly asserting that the ends of justice would be served by continuing the trial, and that such continuances outweighed their interest in a speedy trial. (*See, e.g.*, Doc. # 394 at 3.)  The Supreme Court has emphasized that a defendant's assertion of his speedy trial right "is entitled to strong evidentiary weight" and that the "failure to assert the [speedy trial] right will make

---

[3] Although these first four requests were unopposed, the prosecution opposed the last request for an "ends of justice" continuance.

it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532.  Defendants' failure to assert their speedy trial rights prior to the morning of trial weighs heavily against them.  *See United States v. Gomez*, 67 F.3d 1515, 1522 (10th Cir. 1995) (failure to assert speedy trial rights weighs heavily against a defendant).

Finally, the fourth *Barker* factor, the actual prejudice suffered by Defendants, also weighs heavily in the Government's favor.  The Court analyzes "actual prejudice" in light of three interests: "preventing oppressive pretrial incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired." *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994).  Defendants have not been incarcerated pretrial, have not alleged that their defense has been impaired, and have not alleged that they have suffered any anxiety or concern distinguishable from any other indictee awaiting trial.

In sum, based on this Court's consideration of the *Barker* factors, the Court finds no violation of Defendants' Sixth Amendment right to a speedy trial.  Accordingly, Defendants' Motion to Dismiss the Indictment for Speedy Trial Act Violation (Doc. # 445) is DENIED.

DATED:  October __06__, 2011

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge