IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
   a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

    Defendants.

## ORDER DENYING MOTIONS TO RECONSIDER

This matter is before the Court on Defendant David A. Banks's "Motion to Reconsider its Motion for Release of Unedited Transcriber Notes and Note File for the Bench Conferences Occurring on October 11, 2011." (Doc. # 635.) Defendants Demetrius K. Harper, Gary L. Walker, Clinton A. Stewart, David A. Zirpolo, and Kendrick Barnes have also filed a Motion to Join in Defendant Banks' Motion. (Doc. # 636.)

In these motions, Defendants request that the Court reconsider its December 16, 2011 Minute Order (Doc. # 633) that denied Defendant Banks' Motion to Inspect. (Doc. # 632.) In the underlying Motion, Defendant Banks requested that the "unedited

transcriber notes and note files be available for inspection." (*Id.*) Defendants have requested this relief because they believe that "the wording from the sidebar . . . was different from the edited transcript." (Doc. # 631 at 2.)

The sidebar that Defendants are referencing occurred on day 11 of trial, at which the Court ordered Defendants to call a witness. After the sidebar, Defendants contended and have since maintained that the Court ordered one of them to take the witness stand in violation of their Fifth Amendment rights. The Court does not share Defendants' recollection of what was said at the sidebar, stating at trial that "I said if you intended to testify, then one of you should take the stand, because we weren't going to continue." (Doc. # 635-1, October 11, 2011 Transcript ("Tr.") at 108:13-16.) Defendants, thus, seek the unedited transcript of that sidebar conference because they believe it will support their recollection. However, as already noted in the Minute Order, the Court provided an unedited copy of the transcript of the sidebar to Defendants during trial.[1] Nevertheless, Defendants insist that the Court order the court reporter to provide another unedited transcript of the sidebar. The Court is unable to accommodate this request because the court reporter no longer possesses an unedited version of the transcript.

---

[1] Defendant Banks concedes that the Court ordered the court reporter to provide the transcripts, but observes that the Court did not specify that they be "unedited." However, there were no edited transcripts available that day, and so the version provided to Defendants was necessarily unedited.

Under 28 U.S.C. § 753(b), a court reporter must make her original notes available to the public for inspection by any person without charge. In this case, the court reporter has met her obligations under § 753(b) and filed her original shorthand notes in the clerk office, where they are available to Defendants' counsel during regular business hours. These original notes contain raw data and are unedited. Thus, these notes would allow Defendants to reproduce an unedited transcript if they so desire.[2]

Because Defendants have already received all the relief they are entitled to under 28 U.S.C. § 753(b) and the Court is unable to provide unedited transcripts, it is ORDERED that the motions for reconsideration (Doc. ## 635, 636) are DENIED.

DATED: January __20__, 2012

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The problem underlying these motions is that Defendants and this Court have a different recollection of what was said at the sidebar. Admittedly, what was said at the sidebar is not found in the edited version of the transcript. Defendants seem to believe that what was said at the sidebar was omitted from the edited version. The explanation is far more simple. For whatever reason, whether the parties spoke too far from the microphone or the court reporter took off her headphones, the court reporter did not hear everything that was said at the sidebar and therefore did not transcribe anything besides what is contained in the edited transcript. *See* Guide to Judiciary Policy, Vol. 6, § 320.50.40(b) ("The realtime unedited transcript may contain errors, some of which could change the accuracy or meaning of the testimony.").