IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. **DEMETRIUS K. HARPER**
   a/k/a Ken Harper,
3. **GARY L. WALKER**,
4. **CLINTON A. STEWART**
   a/k/a C. Alfred Stewart,
5. **DAVID A. ZIRPOLO**, and
6. **KENDRICK BARNES**,

    Defendants.

**ORDER REJECTING PROPOSED STIPULATION**

This matter is before the Court on Defendants Demetrius K. Harper, Gary L. Walker, Clinton A. Stewart, David A. Zirpolo, and Kendrick Barnes' (collectively, "the Harper Defendants") Proposed Stipulation.[1]  (Doc. # 832.)  The Proposed Stipulation concerns one portion of a sidebar discussion that occurred on Day 11 of trial that was not transcribed by the court reporter.  For the following reasons, the Court rejects the Harper Defendants' Proposed Stipulation.

---

[1] Although Defendant Banks did not join this motion, he nevertheless has submitted a reply to the Government's Response.  (Doc. # 844.)  The Court will refer to all six defendants collectively as "Defendants."

## I. **BACKGROUND**

On day 10 of the trial, the Court released the jury for lunch at approximately 12:00 p,m. After Court resumed at 1:30 p.m., Defendants informed the Court that they had only one additional witness scheduled for the day. The examination of the witness took only about 10 minutes, so the Court was forced to release the jury for the day at approximately 1:40 p.m. At that time, the Court instructed the Defendants that, going forward in the case, they would be required to have a full day's worth of witnesses scheduled and ready to testify.

At 9:54 a.m. on Day 11 of trial, Defendants requested a sidebar, at which time they informed the Court that their next witness was not scheduled to arrive until 10:30 a.m. The Court again admonished Defendants for failing to have witnesses available to testify:

> That is unacceptable. I told you to have witnesses here. We are not going to recess again until 10:30. That is 40 minutes away. I told you to be prepared. They need to be here. Your witnesses are not taking long. We are going to go. The eight you named [during an earlier discussion of defense witnesses for the day], you still have time. So you better get them here. So call your next witness.

(Doc. # 753 at 3.) After a brief conference among themselves, and without lodging a single objection, Defendants elected to call Defendant Barnes at 9:57 a.m. Defendant Barnes was examined by Defendants Walker, Banks, and Harper, and he readily answered all of their questions. The other Defendants declined to question Defendant Barnes when offered the opportunity, and Defendant Barnes declined to make any further statement beyond what had been asked of him. In total, Defendant Barnes'

direct testimony lasted 37 minutes.  After Defendant Barnes had finished testifying on direct examination, and outside the presence of the jury, Defendants moved to withdraw his testimony and prevent cross-examination on the grounds that the Court had compelled Defendant Barnes to testify.

During trial and in various post-trial motions, Defendants have alleged that Defendant Barnes was compelled to testify because of comments the Court allegedly made at the 9:54 a.m. sidebar.  Defendants have alleged that the Court made comments to the effect that if Defendants' witnesses were not available immediately, then one of the defendants would have to testify.  The Court has consistently rejected Defendants' allegations with respect to what was said at the sidebar.  At trial, the Court clarified what had occurred at the sidebar: "I said if you intended to testify, then one of you should take the stand because we weren't going to continue."  (Doc. # 753 at 14.)  For whatever reason, whether the parties spoke too far from the microphone or the court reporter took off her headphones, the court reporter did not hear everything that was said at the sidebar and therefore did not transcribe anything besides what is contained in the edited transcript.[2]

## II. DISCUSSION

On August 30, 2012, the Harper Defendants submitted a Proposed Stipulation (Doc. # 832) for the Court's review pursuant to Fed. R. App. P. 10(c), which provides:

---

[2] Multiple times, the Court has explained to Defendants that they have been provided with everything in the Court's possession and that the fact of the matter is that this portion of the sidebar conversation was not transcribed. (Doc. ## 652, 753.)

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.  The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served.  The statement and any objections or proposed amendment must then be submitted to the district court for settlement and approval.  As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c).  The Government filed its objections to the Proposed Stipulation on September 13, 2012.  (Doc. # 841.)  Defendant Banks replied on September 14, 2012, and the Harper Defendants replied on September 17, 2012.  (Doc. ## 844, 845.)

The Government first argues that Fed. R. App. P. 10(c) has no application because the "bench conference in question . . . was recorded." (Doc. # 841 at 2.) Although there is a transcript of the 9:54 a.m. sidebar conference,[3] the Court has acknowledged that a portion of the sidebar was not transcribed.  Thus, the Court finds that the portion of the sidebar that was not transcribed is "unavailable" under Fed. R. App. P. 10(c).  *See United States v. Sierra*, 981 F.2d 123, 125 (3d Cir. 1992) (where court-reporting system malfunctioned and failed to record portions of proceedings, transcripts were unavailable); Cam*eo Convalescent Ctr., Inc. v. Senn*, 738 F.2d 836, 842 (7th Cir. 1984) (failure to record conference where plaintiff objected to court's instructions rendered transcripts unavailable).

---

[3] In the Proposed Stipulation, Defendants have quoted extensively from the transcript of the 9:54 a.m. sidebar.  Fed. R. App. 10(c) only applies when the "transcript of a hearing or trial is unavailable."  As such, there is no need to stipulate to the portions of the 9:54 a.m. sidebar that was transcribed.

Although Fed. R. App. P. 10(c) seems an appropriate vehicle by which the parties could stipulate as to what occurred at the unrecorded portion of the 9:54 sidebar conference, the Government has objected to the Proposed Stipulation.  With good reason.  Essentially, Defendants ask the Government to stipulate, and this Court to approve a stipulation, that Defendants' allegations regarding the Court's comments at the 9:54 sidebar are accurate, *i.e.*, that the Court told Defendants to "[p]ut one of your witnesses on or one of the defendants will have to testify."[4]  (Doc. # 557 at 109.) As Defendants well know, the Court has consistently maintained that Defendants' recollection of the 9:54 a.m. sidebar is inaccurate.  (Doc. # 753 at 14.)  At trial, the Court clarified what had actually occurred at the sidebar: "I said if you intended to testify, then one of you should take the stand because we weren't going to continue."  (*Id.* at 108.)

Because the Court disagrees with the Harper Defendants' recollection of the facts, the Court REJECTS the Harper Defendants' Proposed Stipulation as inaccurate.

DATED:  October __16__, 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] To support their Proposed Stipulation, the Harper Defendants have submitted affidavits saying that the Court told them that "if you do not have a witness to call, one of you will have to testify." (Doc. # 832-2 at 2-3.)  As pointed out by the Government, these affidavits are self-serving, substantially inaccurate, and contain improper legal conclusions.