**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **DAVID A. BANKS,**
2. **DEMETRIUS K. HARPER**
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. **CLINTON A. STEWART**
   a/k/a C. Alfred Stewart,
5. **DAVID A. ZIRPOLO, and**
6. **KENDRICK BARNES,**

    Defendants.

**ORDER DENYING DEFENDANTS' JOINT MOTION FOR RETURN OF SEIZED
PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)**

Defendants' seventeen-day trial in the instant criminal matter concluded on October 20, 2011. (Doc # 478.) Defendants appealed, and this Court's judgment was affirmed on August 04, 2014. Defendants also filed a Petition for a Writ of *Certiorari* with the United States Supreme Court and the Petition *certiorari* was denied on October 7, 2014. (Doc. # 892.)

Defendants' Joint Motion[1] requests the return of property that was seized from

---

[1] The Motion was brought by all Defendants except for Gary Walker.

Defendants and also from a related business during the execution of a search warrant on February 9, 2005. (Doc. # 893.) Rule 41(g) of the Federal Rules of Criminal Procedure provides, in relevant part, that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.

Once criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001). Additionally, "if there are no criminal proceedings pending against the defendant, and the defendant files a Fed.R.Crim.P. 41(e) motion for return of property seized . . . as part of some other nonjudicial proceeding or occurrence, the district court should construe the motion as an independent civil action based on equitable principles." *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996).

The Government's Response indicates that, with the exception of forensic images of electronic devices, it already intends to return the property still in its custody. However, it is has been waiting to do so because Defendants have a year from the denial of their Petition of Certiorari (that is, until October 7, 2015) to file collateral attacks on their convictions. (Doc. # 896 at 2.) Because the Government has a legitimate reason to retain the property – namely, it could serve as evidence in defending against such an appeal – the Government's retention of the property until October 7, 2015 is

permissible and appropriate.  *See Matter of Search of Kitty's E.*, 905 F.2d 1367, 1375 (10th Cir. 1990) (citing Committee Note to 1989 Amendment, at 30, 124 F.R.D. at 428) ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.")  In the alternative, the Government also notes that it is willing to return the property sooner than October 7, 2015, upon receipt from each Defendant, including non-moving Defendant Gary Walker, of a signed, knowing, and voluntary waiver of his right to collaterally attack his conviction. (*Id.* at 3.)

In *United States v. Nelson*, 190 F. App'x 712, 714 (10th Cir. 2006) (unpublished), the Tenth Circuit held that a motion brought under Rule 41(g) is not moot simply because the government indicates a willingness to return the subject property, pointing to the general rule that "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," unless it can "be said with assurance that there is no reasonable expectation that the wrong would be repeated."  *Id.* (citing *Longstreth v. Maynard*, 961 F.2d 895, 900-01 (10th Cir. 1992)). *Nelson*, however, is readily distinguishable from the case at bar; in *Nelson*, the court expressed its concern about the government's equivocation about returning the property and also noted that the government had not "instituted any binding proceedings aimed at returning the property."  *Id.*  In contrast, the Government's Response decisively indicates that it will return the property at issue and will do so after a date certain. Moreover, Defendants effectively exercise control over the timing of the return of the

property, insofar as they may receive the goods sooner, if they provide waivers to the Government. Accordingly, the relief requested by Defendants with respect to the property still in possession of the Government (with the exception of certain forensic images) is moot.[2]

The Government's Response also notes that it opposes the return of forensic images of computers that were created by the Government itself during the execution of the search warrant,[3] on the basis that these images

> were created on hard drives owned by the government during the execution of the warrant, in part so that the computers and other devices themselves could be left on site rather than physically seized; the government never removed the devices from the search location. During the course of discovery in this case, the Defendants previously received copies of the forensic images. The Defendants have no possessory or other property interest in the images contained on the government's hard drives . . . .

The Government may meet its burden in showing a legitimate reason for retention of property "by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant." *Clymore*, 245 F.3d at 1201. The Government has done so here; these images were created by the Government, using the Government's own equipment, and Defendants have possession of copies of the images in any case. Accordingly, the instant Motion also is DENIED with respect to these forensic images.

---

[2] Although a 17-inch Apple PowerBook 64, Serial #W8448059Q126, with power cord, appeared on the Defendants' list of requested property, the Government indicates that this property was returned to Defendant Stewart on February 18, 2005. (Doc. # 896 at 2.) As such, Defendant's Motion is also denied as moot with respect to this item.

[3] Specifically, Defendants requested images of 38 desktop/laptop/media drivers, 6 Dell Power Edge Servers, and 1 HP Net Server LCII. (Doc. # 893-1.)

In sum, for the foregoing reasons, Defendants' Joint Motion for Return of Property (Doc. # 893) is DENIED. However, it is ORDERED that the Government return the property listed in Doc. # 893-1 to Defendants (with the exception of the forensic images described above) as soon as practicable, either (1) after October 7, 2015, or (2) after receipt of waivers from all Defendants, including non-moving Defendant Gary Walker, of their rights to collaterally attack their conviction.

DATED: August 17, 2015

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge