IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
   a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

    Defendants.

---

**ORDER REGARDING GOVERNMENT'S AND DEFENDANT GARY WALKER'S RESPONSE TO DEFENDANTS' MOTIONS FOR RETURN OF PROPERTY**

---

This matter is before the Court *sua sponte*. The Court's August 17, 2015 Order denying Defendants' Motion for Return of Property as moot ordered the Government to return the property subject to the Motion (with the exception of particular forensic images) "as soon as practicable," either (1) after October 7, 2015, *i.e.*, after the deadline for filing collateral attacks, **or** (2) after receipt of waivers from all Defendants, including non-moving Defendant Gary Walker, of their rights to collaterally attack their conviction. (Doc. # 897.) However, on October 5, 2015, non-moving Defendant Gary

Walker filed a timely motion to collaterally attack his conviction. (Doc. # 902.)

Defendants' latest Motion indicates that Defendants' representatives met with the Government on October 30, 2015, but that the Government only returned approximately 10 boxes of documents, and that it failed to return any other property; the Motion, however, does not explain the Government's justification for doing so. (Doc. # 910.) Additionally, the Motion asserts that "The property belongs to IRP Solutions Corporation and DKH Enterprises, not Defendant Walker." (*Id.*) Lastly, it argues that "The images seized by the Federal Bureau of Investigation were and is patented information for the software owned by IRP Corporation. The FBI went outside the scope of the warrant and seized property that was not inclusive." (*Id.*)

The Court notes that Mr. Walker's filing of a Section 2255 Petition **could** constitute cause for the Government to retain property in this matter until the conclusion of that proceeding, assuming such property was relevant to the Government's response to that Petition. *See United States v. Kitty's East,* 905 F.2d 1367, 1375 (10th Cir. 1990) ("[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable."); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993) ("Generally, a Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture **or the government's need for the property as evidence continues**.'")

Accordingly, the Government is ORDERED to respond to Defendants' Motions,

**on or before 11/24/2015**, and include (1) a status update about whether it still intends to return the remaining property; (2) a discussion of which property, if any, is relevant to the Government's response to Mr. Walker's Petition; and (3) a response to Defendants' arguments about the nature of the electronic images in this case.

Additionally, Mr. Walker, who has indicated that he is the developer of the software, is hereby granted leave to RESPOND, if he so wishes, **on or before 11/24/2015**, regarding the Motions for Return of Property.

DATED: November 3, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge