IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Case No. 15-cv-02223-CMA
Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  GARY L. WALKER,

    Defendant.

---

**ORDER DENYING MOTION TO UNSEAL COURT RECORDS**

---

This matter is before the Court on a Motion, filed by Colorado Springs Fellowship Church (CSFC), to Unseal Records that have been restricted in Mr. Gary Walker's habeas case. (Doc. # 1106.) For the following reasons, the Court denies the motion.

### I.    BACKGROUND

Mr. Walker was originally charged by Indictment dated June 9, 2009 with violation of 18 U.S.C. § 1349 – Conspiracy to Commit Wire and Mail Fraud. (Doc. # 1.) After a full jury trial, he was found guilty and convicted of that count. (Doc. ## 447–79.) The Court thereafter sentenced Mr. Walker to 135 months in prison. (Doc. # 782.)

On October 5, 2015, Mr. Walker filed his Motion and Memorandum of Law Pursuant to 28 U.S.C. § 2255 (2255 Petition), wherein he outlined several troubling circumstances that he asserted led to a serious injustice in his case. (Doc. # 902.) The

Court held an evidentiary hearing on the 2255 Petition, which lasted for three days: June 12, 15, and 16, 2017. During that hearing, numerous witnesses, including Mr. Walker and former members of CSFC, testified at length in line with representations Mr. Walker made in his 2255 Petition. The evidence presented supporting Mr. Walker's allegations that his constitutional rights were violated was compelling.

Subsequent to the conclusion of the hearing, Mr. Walker and the Government filed a joint motion requesting that this Court grant in part Mr. Walker's 2255 Petition based on the evidence presented at the hearing and in the 2255 Petition. (Doc. # 1066.) They asked this Court to find that Mr. Walker was entitled to re-sentencing as soon as practicable. (*Id*.) This Court agreed with the parties that overwhelming evidence supported Mr. Walker's contentions and thereby granted in part his 2255 Petition and re-sentenced Mr. Walker to 70 months imprisonment. (Doc. ## 1069, 1079.)

On June 28, 2017, Mr. Walker requested that this Court restrict access to the transcripts from the 2255 evidentiary hearing. (Doc. # 1080.) The Government did not oppose restriction. Although the hearing was not sealed, this Court agreed with Mr. Walker that access to the transcripts should be restricted. (Doc. # 1086.) The Court found, with evidentiary and legal support, that protecting Mr. Walker and the testifying witnesses far outweighed the public's right to access. (*Id.*)

CSFC now objects to that restriction, contending that "misinformation and innuendo about [CSFC] was laced throughout the 2255 hearing" and that "CSFC and

2

the American public have a right to know what misinformation about CSFC was disseminated." (*Id.*) CSFC's motion follows numerous other requests by CSFC's affiliates for access, including phone calls and emails to this Court, some of which have threatened congressional and disciplinary action if the transcripts are not unsealed. Because CSFC's motion has not altered this Court's conclusion that interests favoring nondisclosure outweigh CFSC's and the public's right of access, the Court denies CFSC's request and maintains the Level 2 restriction of the transcripts.

## II. LAW

Although it is clear that the courts of this country recognize a general right of the public to inspect and copy judicial records and documents, it is also uncontested that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606 (1982) ("Although the right of access to criminal trials is of constitutional stature, it is not absolute."). Indeed, documents may be sealed "if the right to access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir 1997). In considering whether to restrict the public's access, the court balances the public's right against the need to protect vulnerable witnesses, including the petitioner. *Waller v. Georgia*, 467 U.S. 39, 48 (1984); *see Davis v. Reynolds*, 890 F.2d 1105, 1109 (10th Cir. 1989) ("An accused's right under the Sixth Amendment must be carefully balanced against the government's competing interest in protecting vulnerable witnesses from embarrassment and harm.").

A proper basis exists to seal court documents when the nature and degree of movant's potential injury are significant. *See Rikers v. Federal Bureau of Prisons*, 315 Fed. Appx. 752 (10th Cir 2009); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995.).

### III. ANALYSIS

The Court finds that, based on the reasons set forth in its previous Order restricting access to the transcripts (Doc. # 1086), including the nature and degree of potential injury to Mr. Walker and other witnesses, a Level 2 restriction to the transcripts remains appropriate in this case. CSFC's reason for needing access—to see whether "its ministry has been maligned"—is insufficient to overcome the very real safety concerns present in this case. Although CSFC purports to be concerned with "better understanding" the judicial process, it appears to this Court that CSFC's true concern is with its reputation in the community and its self-serving belief that Mr. Walker's sentence should not have been reduced. With respect to the former, the Court's restriction of access to the transcripts protects CSFC's interest in protecting its reputation in the community because it limits the public's access to this information. With respect to the latter, CSFC spends much of its motion explaining its belief that Mr. Walker's sentence was improperly reduced based on "untrue" and "misleading" information about CSFC. The motion rings as a masked objection to Mr. Walker's sentence reduction, which CSFC has no standing to raise. *Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990) (discussing a non-party's standing to object to a defendant's

4

sentence).  Although this Court believes that it is beneficial to have public scrutiny of criminal and related civil proceedings, this is not a case where those public benefits outweigh the potential harms.  *Cf. Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) (allowing media access to post-conviction proceedings and documents in part because citizens expressed a legitimate interest in learning which inmates are being released from prison and why; whether state officials are recommending the release of only those who are most deserving or those who have political or other influential connections; and whether said releases might aid in the prevention of overcrowding prisons).

Indeed, CSFC's motion does nothing to counter or assuage this Court's concerns about its need to protect the witnesses at Mr. Walker's 2255 hearing.  If anything, it heightens this Court's concerns.  Ultimately, for the reasons set forth in this Court's previous order (Doc. # 1086), the public's right to access is far outweighed by the overwhelming need to prevent Mr. Walker and other witnesses from being harmed.  *See United States v. McVeigh*, 918 F. Supp. 1452, 1466 (W.D. Okla. 1996) (Proceedings concerning material witnesses were properly sealed because "they are within the tradition of secrecy and there is no reasonable alternative to denial of any public disclosure of them.").

It also remains apparent to this Court that no alternative to sealing the transcripts from public access is practical.  *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) (if closure is warranted, the restriction on access must be narrowly

drawn with only that part of the proceeding as is necessary closed). CSFC presents this Court with no less intrusive alternatives, instead requesting complete and unfettered access to "all documents associated with and introduced at the hearing, along with the immediate unsealing of the transcript associated with the proceeding." (Doc. # 1106 at 3.) Because of this Court's need to protect virtually all of the witnesses at the hearing, including Mr. Walker and his reasons for requesting habeas relief, which were discussed throughout the three-day hearing, sealing the transcripts in their entirety is warranted.

## IV. CONCLUSION

For the foregoing reasons and those set forth in this Court's previous Order restricting access (Doc. # 1086), the Court DENIES CSFC's Motion to Unseal Court Records (Doc. # 1106). The transcripts of the evidentiary hearings held on June 12, 15, and 16, 2017, shall therefore remain under a Level 2 restriction.

DATED: June 1, 2018          BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge