IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Case No. 15-cv-02223-CMA
Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. GARY L. WALKER,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Colorado Springs Fellowship Church's[1] ("CSFC") Motion for Re-Consideration [sic] to the Hon. Christine Arguello, U.S. District Judge, to Recuse Herself from All Proceedings Going Forward and Re-Assign [sic] the Case ("Motion for Reconsideration"). (Doc. # 1148.) For the following reasons, the Motion is granted in part and denied in part. Specifically, the Motion is granted in that the Court will analyze the arguments in CSFC's Motion for Recusal (Doc. # 1145) and

---

[1] The Court notes that, although the Motions at issue were purportedly filed on behalf of five of the six individual Defendants, none of those Defendants are parties to the habeas action filed by Defendant Gary Walker. Moreover, the vast majority of the arguments in the Motions are particularized to Rose Banks and CSFC, none of whom were parties to Mr. Walker's § 2255 petition. The Court will refer to the Motions as "CSFC's." The Court deems it unnecessary to address arguments that are specific to the five Defendants who are not parties to this matter.

Motion for Reconsideration (Doc. # 1148) without focusing on the issue of mootness. However, CSFC's request for recusal is denied.

The Court recently recounted the factual background of this case in its Order Unsealing, in Part, Hearing Transcripts. (Doc. # 1146.) The Court incorporates those facts in full and proceeds to a discussion of CSFC's Motion for Recusal.

## I. DISCUSSION

CSFC asserts that recusal is warranted based on 28 U.S.C. §§ 144 & 455. The Court will address each alleged basis for recusal in turn.

### A. 28 U.S.C. § 144

#### 1. Legal Standard

If a party believes that a judge is biased against him, he may file a "timely and sufficient affidavit [alleging] that the judge before whom the matter is pending has a personal bias . . . against him or in favor of any adverse party." 28 U.S.C. § 144. If a timely and sufficient affidavit is filed, the allegedly biased "judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id*. "The affidavit [must] state the facts and the reasons for the belief that bias or prejudice exists . . . ." *Id*. An untimely affidavit requires proof of "good cause" to be considered. *Id*.

When a party raises a motion pursuant to § 144, a judge is "not automatically disqualif[ied]." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Rather, the judge is required to consider the sufficiency of the filing. *See id*. The judge's investigation of sufficiency entails evaluating both whether the allegations rise beyond

conclusory and whether the affidavits are timely filed. *See Hinman v. Rogers*, 831 F.2d 937, 938–39 (10th Cir. 1987). "Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that [she] is impartial." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

Further, although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). Judicial rulings alone are almost always insufficient to establish bias, as are mere "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters . . . ." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017) (citations omitted).

2. <u>Analysis</u>

In support of its Motion, CSFC submitted the affidavit of Rose Banks. (Doc. # 1145-1.) Ms. Banks' affidavit is insufficient for two reasons:

(1) It is untimely; and

(2) Ms. Banks' allegations are conclusory, and the statements Ms. Banks asserts demonstrate bias are merely the Court's recitation of the testimony presented by witnesses at Mr. Walker's § 2255 hearing.

a. *The Motion is not timely*

"A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered." *Scott v. Rubio*, 516 F. App'x 718, 723 (10th Cir. 2013) (citation

3

omitted). "Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." *Pride v. Herrera*, 28 F. App'x 891, 895 (10th Cir. 2001) (quoting *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1029 (10th Cir. 1988)). Moreover, "a timely filed recusal motion alleviates the concern that the motion is motivated by adverse rulings or constitutes an attempt to manipulate the judicial process." *Id*. (citing *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000)).

This case is ten years old. However, CSFC waited until December 2019 to file its Motion for Recusal. Additionally, the Motion recycles and regurgitates accusations that CSFC has maintained for at least five months. *See* (Doc. # 1137-1 at 17–19) (Petition for Writ of Mandamus filed in July 2019); (Doc. # 1138 at 4) (Tenth Circuit Order dated August 12, 2019, noting that CSFC had not sought recusal in this Court). Notably, courts have held that motions for recusal filed under §§ 144 and 455 have been untimely when they are filed **five weeks** after the event on which the motion is based. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Accordingly, CSFC's delay of at least **five months** renders the Motion untimely especially because CSFC offers no justification for the delay.

      b.    *Conclusory allegations*

Ms. Banks' allegations in the affidavit at issue are paradigmatic conclusory statements. In her affidavit, Ms. Banks recites several statements which she attributes to this Court. (Doc. # 1145-1 at 2.) After that recitation, Ms. Banks simply concludes—

4

without explanation—that the statements are "false and malicious." (*Id*. at 3.) Notably, Ms. Banks' conclusory and subjective opinion is the only support that she provides for her allegation that this Court has exhibited bias. However, all of the statements set forth in Ms. Banks' affidavit in support of her allegation that this Court is biased are merely the Court's reiteration and interpretation of the evidence presented during the hearing on Mr. Walker's habeas petition, or a description of events the Court observed during the course of the underlying criminal trial and the habeas hearing.

Moreover, the statements about which Ms. Banks complains are about her alone. However, Ms. Banks is not a party to the underlying habeas petition of Mr. Walker, the only remaining matter in this case. Finally, the Court rejects as unpersuasive CSFC's argument that statements about Ms. Banks apply "by reasonable transference" (*see* Doc. # 1145 at 9) to various Defendants, none of whom were parties to the underlying habeas matter. There is simply no rational basis for statements about Ms. Banks to be "transferred" to anyone else.

**B.     28 U.S.C. § 455**

   1.     <u>Legal Standard</u>

Title 28 U.S.C. § 455(a) provides a broader scope for claims of prejudice and bias. *Glass*, 849 F.2d 1267. Under this section, a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and § 455(b)(1) provides that a judge shall also disqualify herself where she "has a personal bias or prejudice concerning a party[.]" The goal of this provision is to avoid even the

5

appearance of partiality and thereby "promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Pursuant to § 455, the Court is not required to accept all factual allegations as true, "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d 1268 (internal quotation marks omitted); *see also Hinman*, 831 F.2d at 939. "A judge should not recuse [herself] on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. The standard is objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). However, the statute should not be used as a veto power over judges or as a "judge shopping device." *Nicols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

2. <u>Analysis</u>

As a preliminary matter, CSFC's Motion is untimely for the reasons stated in Section I(A)(2)(a). *See, e.g.*, *Scott v. Rubio*, 516 F. App'x 718, 723 (10th Cir. 2013) (noting timeliness requirement applies to § 455 in addition to § 144); *Cooley*, 1 F.3d at 993 ("A motion to recuse under section 455(a) must be timely filed." (citation omitted)). However, assuming, *arguendo*, that the Motion were timely, this Court's recusal is not warranted.

CSFC's Motion appears to argue that recusal is necessary based upon:

(1)  statements the Court has made from the bench that Ms. Banks disagrees with;

(2)  rulings that have been adverse to CSFC; and

(3) the length of time it took for the Court to issue an order regarding CSFC's request to unseal various transcripts.[2]

However, unfavorable decisions are not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, opinions held by judges as a result of what they learned in earlier proceedings are not subject to characterization as "bias" or "prejudice" unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person, knowing all the relevant facts, would harbor doubts about this Court's impartiality. The relevant facts include what the Court has learned about CSFC from the Court's direct observations of members of CSFC during various proceedings. Members of CSFC or their representatives have:

- Absconded with jury rosters;
- Absconded with an exhibit notebook by surreptitiously replacing it with a look-alike dummy notebook;
- Engaged in a pattern of harassment toward jurors; and
- Disobeyed direct orders from the Court.

*See generally* (Doc. # 1146).

---

[2] The Court issued the Order in question on November 20, 2019. The length of time it took to issue the order resulted from this Court's extensive efforts to analyze voluminous transcripts and narrowly tailor the Order in accordance with the Tenth Circuit's instructions.

The Court is also aware of important facts concerning Ms. Banks as a result of extensive evidence in the record. Specifically, the evidence strongly indicates that members of CSFC often act on Ms. Banks' orders, and they go to great—and possibly illegal—lengths to carry out those orders. *See* (*id*. at 4–5).

In the context of this factual background, an objective analysis of this Court's conduct does not show bias or prejudice towards any party in this case. Importantly, "[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, [she] could never render decisions." *Liteky*, 510 U.S. at 551 (citation omitted). Therefore, this Court's informed judgment regarding CSFC and Ms. Banks—which is based on the overwhelming weight of the evidence in this case—does not constitute an impermissible bias or prejudice.

This Court harbors no personal bias or prejudice against any party in this case. The Court has impartially adjudicated the case for the past ten years, and it will continue to do so. *Hinman*, 831 F.2d at 939 ("There is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is.").

## II.     CONCLUSION

Based on the foregoing, CSFC's Motion for Reconsideration (Doc. # 1148) is GRANTED IN PART AND DENIED IN PART as follows:

- the Motion is **granted** in that the Court considered the arguments in CSFC's Motion for Recusal (Doc. # 1145) and Motion for Reconsideration (Doc. # 1148) without focusing on the issue of mootness; and
- the Motion is **denied** insofar as it requests this Court's recusal in this case.

DATED: December 9, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge